IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MOHAMMAD JINNAT ALI, *Plaintiff*, -v- ANDREW M. SAUL, Commissioner of Social Security, *Defendant*. | Civil Action No. 1:18-cv-228 Hon. Liam O'Grady Hon. Ivan D. Davis |

## ORDER

Before the Court is Magistrate Judge Davis' Report and Recommendations regarding Plaintiff's appeal of the denial of his Social Security Disability Insurance Benefits ("DIB"). Dkt. 20. Judge Davis issued this Proposed Findings of Fact and Recommendations ("R&R") on January 7, 2020. Plaintiff timely objected on January 21, 2020, thus also before the Court is Plaintiff's Objection to Magistrate Judge's Report and Recommendation ("Objection"). Dkt. 21. Defendant filed a response to the Objection on February 4, 2020. Dkt. 22.

### I. BACKGROUND

Plaintiff Ali seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner of the Social Security Administration's denial of his claim for Social Security DIB. Plaintiff applied for DIB on December 11, 2013; the claim was denied initially on April 29, 2014, and again on September 2, 2014, upon reconsideration. Administrative Law Judge ("ALJ") Brian J. Kilbane then presided over Plaintiff's case, and held a hearing with Plaintiff by video teleconference on March 2, 2017. After ALJ Kilbane denied Plaintiff's application on April 27,

1

2017, the Appeals Council declined to review the denial on January 8, 2018. This denial rendered it the final decision of the acting Commissioner. The Magistrate Judge reviewed the case and advised the Court to affirm this final decision, to which Plaintiff objects.

## II. PLAINTIFF'S OBJECTION

The Parties do not dispute the R&R's recitation of the procedural background and medical record. Dkt. 21 at 1. Rather, Plaintiff argues that Judge Davis erred in the evaluation of that record, and that a different Administrative Law Judge ("ALJ") might come to a different conclusion were his case remanded. *Id.* at 2. Further, Plaintiff contends, the finding that his impairments are "not severe" is not supported by substantial evidence. *Id.* Defendant counters that Plaintiff's Objection is improper because it is a mere disagreement rather than a legal argument; regardless, Defendant maintains, there is substantial evidence in support of the finding. *See* Dkt. 22 at 1-2.

### A. Standard of Review

The Court reviews objections to a Magistrate Judge's rulings pursuant to Rule 72 of the Federal Rules of Civil Procedure. In resolving objections, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

### B. Discussion

Judge Davis' findings do not rely on harmless error, as Plaintiff claims. As the R&R makes clear, an ALJ may commit harmful error in failing to discuss all relevant evidence. *See* R&R at 12 (citing *Morton-Thompson v. Colvin*, No. 3:14-CV-179(REP), 2015 WL 5561210, at *7 (E.D. Va. Aug. 19, 2015) (vacating and remanding the Commissioner's decision where "the ALJ did not consider all of the relevant evidence" and that omission may have changed the

2

determination.)). A harmless error review also includes "[a]n estimation of the likelihood that the result would have been different." *Shinseki v. Sanders*, 556 U.S. 396, 411 (2009). To be clear, a finding of no harmful error does not, *ipso facto*, indicate harmless error. No harmful error can mean, as it did in this instance, that there is no error at all.

Indeed, Judge Davis held there was "not a sufficient basis to find that the ALJ erred in his determination," and "the ALJ did not reject Plaintiff's testimony nor the supporting medical records" at issue. R&R at 14. Further, Judge Davis stated, "the ALJ did not err in giving Dr. Haque's opinion less than controlling weight nor did he fail to develop the record." *Id.* at 16. In sum, the Magistrate Judge's review found no error. Yet Plaintiff objects to "what the Magistrate Judge did in holding that the Commissioner committed 'harmless error' in finding that Mr. Ali's impairments were not severe." Dkt. 21 at 1. Ultimately, the Court agrees with Defendant that this aspect of Judge Davis' review has not, as Rule 72(b)(3) states, "been properly objected to," and the objection cannot survive.

Plaintiff's Objection also claims that the R&R "fails to build a logical bridge between the medical evidence of record and the conclusion that Mr. Ali's impairments are not severe." *Id.* at 2. This claim is a bare assertion without factual support, and simply cites case law without any specific connections to the instant case. As there is no legally-cognizable bridge between the objection and the underlying record, there is no legal objection to evaluate, or to which the Court can respond.

## II. REPORT AND RECOMMENDATION

### A. Standard of Review

A Court reviewing a Social Security disability determination is required to uphold the determination when: (1) substantial evidence supports the ALJ's factual findings; and (2) the

correct legal standards are applied. *See Bird v. Comm'r of Social Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012) (citing 42 U.S.C. § 405(g); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)). Courts have found that substantial evidence "is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). So long as there is enough evidence to refuse to direct a verdict in a jury trial, the Court will not disturb the ALJ's findings. *Id.* "The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

### B. Discussion

Based on a careful *de novo* review, the Court finds that the Commissioner of the Social Security Administration drew conclusions based on substantial evidence in the record and did not act contrary to law. ALJ Kilbane was in the best position to weigh the credibility of various medical opinions before him, and to evaluate the medical record in its entirety. A reviewing court does not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute judgment for that of the Secretary," which is what Plaintiff asks the Court to do. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

The R&R notes that a "state agency physician[], Gurcharan Singh, M.D., in April 2014 opined that Plaintiff's condition did not result in significant limitations in his ability to perform work activities, and that his condition was not considered disabling." *Id.* at 5. Regarding Plaintiff's allegations that the ALJ ignored testimony from Plaintiff and his physician, Dr. Haque, the R&R holds that "the ALJ sufficiently evaluated the record, and properly concluded that Plaintiff's statements concerning the intensity and persistence of his impairments were

inconsistent with other evidence." *Id.* at 14. The ALJ articulated the reasons for his determinations and supported them with evidence; as a result, under governing law, it is inappropriate for the Court to disturb these findings.

### III. CONCLUSION

For these reasons, and those stated in Defendant's brief, Plaintiff's Partial Exceptions to the Report and Recommendation of the United States Magistrate Judge (Dkt. 21) is hereby **OVERRULED**. Upon due consideration of the record, the Court hereby **APPROVES** and **ADOPTS** the findings of Judge Davis as set forth in the R&R (Dkt. 20).

Accordingly, Plaintiff's First Motion for Summary Judgment (Dkt. 13) is hereby **DENIED**, and Defendant's Cross Motion for Summary Judgment (Dkt. 15) is hereby **GRANTED**.

The Clerk is **DIRECTED** to close the case, and to send a copy of this Order to all counsel of record.

It is **SO ORDERED**.

February 24, 2020
Alexandria, Virginia

Liam O'Grady
United States District Judge